IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-03483-WYD

THOMAS EDWARD PEREZ, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

ALVIN MARTIN MAVIS,

    Defendant.

## ORDER AND CONSENT JUDGMENT

    This action was brought by Plaintiff, Secretary of Labor, United States Department of Labor, against Defendant, Alvin Martin Mavis, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").  On January 29, 2015, Plaintiff filed a Motion to Dismiss With Prejudice.  Also, on January 14, 2015, a Consent Judgment and Order was filed which was mistakenly docketed as a Motion for Judgment (Consent).

    Defendant, Alvin Martin Mavis, admits to the Court's jurisdiction over him, over the subject matter of this action, and to the allegations alleged in the Complaint, and has further agreed to the entry of judgment without contest.  The motion to dismiss indicates that the parties wish the Court to enter the proposed consent judgment which will resolve the matter, and to dismiss the case with prejudice.

It is therefore, upon motion and for good cause shown,

ORDERED that Plaintiff's Motion to Dismiss With Prejudice (ECF No. 10) is **GRANTED**.  Further, it is

**ORDERED, ADJUDGED, AND DECREED** that:

1.  Defendant, Alvin Martin Mavis, at all relevant times, was the de facto Plan Administrator of the employee retirement benefit plan, which was offered by Welzig Heating and Air, Inc., an employer engaged in commerce or in an industry or activity affecting commerce, and which is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a). That employee retirement benefit plan was the Welzig Heating and Air, Inc. 401(k) Plan (the "Plan").

2. Defendant, Alvin Martin Mavis, at all times herein mentioned, served as a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), in that he had or exercised discretionary authority and responsibility with respect to Plan administration and management and exercised actual control over Plan assets, including the responsibility for forwarding all employee contributions to the Plan. '

3. The Plan is, and at all relevant times was, an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). The Plan was established and maintained by Welzig Heating and Air, Inc. for the benefit of its employees.

4. During the period of October 2005 through December 31, 2013, Defendant, Alvin Martin Mavis: (a) failed to ensure that employee contributions and Plan assets were remitted to the Plan; (b) permitted Welzig Heating and Air, Inc., a party in interest,

to use Plan assets for its own benefit; (c) failed to segregate Plan assets from non-Plan assets; (d) failed to administer the Plan properly; (e) used his status as a fiduciary to the Plan to obtain improper commissions for personal gain; and (f) did not execute his fiduciary duties with reasonable prudence, care, and skill. This conduct violated ERISA Sections 403(c)(1), 404(a)(1)(A) and (B), 406(a)(1)(D), and 406(b)(1) and (2).

5. Consequently, the Plan sustained losses for which Defendant, Alvin Martin Mavis, was liable as a fiduciary and that permitted Defendant, Alvin Martin Mavis, to use his fiduciary status for his own monetary gain.

6. The Plan's sponsor, Welzig Heating & Air, Inc., has restored all of the financial losses to the Plan and has terminated Mavis' employment with respect to the Plan.

7. To redress the fiduciary breaches, it is further **ORDERED, ADJUDGED, AND DECREED** that:

   A. Defendant, Alvin Martin Mavis, his agents, servants, employees, and all persons in active concert or participation with him be and hereby are permanently enjoined and restrained from violating Title I of ERISA; and

   B. Defendant, Alvin Martin Mavis, his agents, servants, employees and all persons in active concert or participation with them be and are hereby permanently enjoined and restrained from acting as fiduciaries, trustees, agents or representatives in any capacity to any other ERISA-covered employee benefit plan.

8. This Consent Judgment resolves all claims of Plaintiff's Complaint with respect to Defendant, Alvin Martin Mavis, with the following exceptions:

      A. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor; and

      B. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this *Consent Judgment and Order*.

9. Defendant, Alvin Martin Mavis has had an opportunity to be represented by counsel with respect to this case, all matters relating to this case, and the entry of this *Consent Judgment and Order*.

10. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

11. No Plan assets will be used to pay the attorneys' fees, costs, and/or any other litigation expenses that the Defendant incurred in this action.

Dated: March 9, 2015.

BY THE COURT:

/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE